## J. M. DEUPREE v. STATE.

No. A-4211. Opinion Filed April 19, 1924.
(224 Pac. 993.)

(Syllabus.)

1. Appeal and Error—Objections Unintelligible. A defendant will not be permitted to take advantage, on appeal, of veiled objections couched in such language that the court cannot determine from the objection the real ground upon which such objection was based.

2. Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession. Evidence, though conflicting, held sufficient to support the verdict.

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

J. M. Deupree was convicted of the illegal possession of intoxicating liquor, and he appeals. Affirmed.

W. P. Kelley, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Plaintiff in error, here referred to as the defendant, in the trial was designated by different names. In the caption of the information the name appears "J. M. Deupree"; in the body of the information, "James Deupree"; in other parts of the record, "Jim Deupree." The defendant, as one of his assignments of error, maintains that this discrepancy in names is fatal to a sustaining of the conviction.

Defendant now claims that in the court below he interposed an objection because of this discrepancy at the beginning of the testimony of the first witness for the state. The objection so interposed was as follows:

"Comes now the defendant and objects to the introduction of any testimony in this case for the reason that the information fails to charge an offense against him under the laws of the state of Oklahoma."

The objection so made was insufficient to call the court's attention to this discrepancy. The defendant will not be permitted to take advantage of veiled objections, couched in such language that the court cannot determine from the objection the real ground upon which such objection is based.

There can be no controversy, from the entire record and testimony, that J. M. Deupree, James Deupree, and Jim Deupree were one and the same person; no showing was

made that there were other Deuprees having illgal possession of intoxicating liquor at or near this time, or at any time.

The testimony discloses that at the time alleged in the information, February 18, 1921, certain peace officers, acting under authority of a search warrant, went to the residence of the defendant in Capitol Hill and there found, under the back steps leading up to a porch, three gallons of corn whisky. The officers, or some of them, testified that a snow had fallen the night previous; that an automobile belonging to defendant stood in the driveway near the house; and that tracks in the snow indicated that some person had passed to and from the automobile to the front door of the house and that there were tracks on the back steps leading to the side of steps where the whisky was found.

The defendant testified in his own behalf that he had left the Kingkade Hotel at midnight the night previous; that at that time no snow had fallen; that when he awoke, late the next morning, there was about six inches of snow on the ground; that there were no tracks in the snow made by his automobile; and that the tracks leading from the front door of the house to the car were made by him and an officer when the search was in progress, in an effort to start the engine of the car. Defendant denied that he knew anything about the whisky found by the officers, and claimed that it had been placed there by some person or persons unknown to him; he claimed further that certain persons in that neighborhood were making an effort to get him to remove from the community and that some one of them might have placed the whisky there for the purpose of causing his arrest. Defendant stated that the whisky found was a poor quality of whisky, containing dregs and particles of drugs held in solution; that he drank whisky habitually, but not

whisky of that character; that he did not at that time, or at any time, sell or keep for sale this or any other whisky.

On rebuttal the officers denied defendant's explanation as to the tracks.

Upon this conflicting evidence the jury rendered a verdict of guilty, assessing the minimum punishment. The sufficiency of the evidence was challenged by defendant in his motion for a new trial, which was by the court overruled.

Applying the rule often announced, that verdict of a jury will not be disturbed where there is direct evidence of a probative character tending to sustain the verdict, and that the weight of the evidence and the credibility of the witnesses are questions for the jury, the judgment of the trial court must be affirmed; and it is so ordered.

MATSON, P. J., and DOYLE, J., concur.